Derek A. Newman, State Bar No. 190467
derek@newmanlaw.com
John Du Wors, State Bar No. 233913
duwors@newmanlaw.com
Derek Linke (*pro hac vice*)
linke@newmanlaw.com
NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Avenue South, Suite 610
Seattle, WA  98104
Telephone:   (206) 274-2800
Facsimile:    (206) 274-2801

Attorneys for Plaintiff
ESSOCIATE, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESSOCIATE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>W4 MEDIA LLC, a Delaware limited liability company; and MAX BOUNTY INC., a foreign corporation;<br><br>Defendants. | Case No. CV10-5376 JVS(MLGx)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF ESSOCIATE, INC. TO COUNTERCLAIMS OF MAXBOUNTY INC.** |

ESSOCIATE, INC. hereby files this Answer in response to the Counterclaims filed by Defendant MaxBounty Inc. ("MaxBounty") (Dkt. No. 24). Essociate answers the Counterclaims as follows:

## I.    ANSWER

1.      In response to the allegations in Paragraph 1 of MaxBounty's Counterclaims, Essociate notes that paragraph states legal conclusions to which no response is necessary, and further provides that the referenced provisions of the United States Code speak for themselves.

2.      In response to the allegations in Paragraph 2 of MaxBounty's Counterclaims, Essociate notes that paragraph states legal conclusions to which no

1  response is necessary.

2      3.      Essociate ADMITS that it is a Delaware corporation with its principal

3  place of business in San Francisco, California. However, the address of that

4  principal place of business is 4630 Geary Boulevard, Suite 101, San Francisco,

5  California 94118.

6      4.      Essociate lacks knowledge or information sufficient to form a belief

7  about the allegations in Paragraph 4 of MaxBounty's Counterclaims and on that

8  basis DENIES those allegations.

9      5.      Essociate ADMITS the allegations in Paragraph 5 of MaxBounty's

10 Counterclaims.

11     6.      Essociate ADMITS the allegations in Paragraph 6 of MaxBounty's

12 Counterclaims.

13     7.      In response to the allegations in Paragraph 7 of MaxBounty's

14 Counterclaims, Essociate notes that paragraph states legal conclusions to which no

15 response is necessary.

16     8.      Essociate incorporates by reference Paragraphs 1-7 of this Answer as

17 if set forth in full herein.

18     9.      Essociate DENIES the allegations in Paragraph 9 of MaxBounty's

19 Counterclaims.

20     10.     In response to the allegations in Paragraph 10 of MaxBounty's

21 Counterclaims, Essociate notes that paragraph states legal conclusions to which no

22 response is necessary.

23     11.     Essociate DENIES that MaxBounty is entitled to any of the relief

24 requested in its Counterclaims.

25     12.     Essociate incorporates by reference Paragraphs 1-11 of this Answer as

26 if set forth in full herein.

27     13.     Essociate DENIES that the '660 Patent is invalid. In response to the

28 remaining allegations in Paragraph 13 of MaxBounty's Counterclaims, Essociate

notes that paragraph states legal conclusions to which no response is necessary.

14.   In response to the allegations in Paragraph 14 of MaxBounty's Counterclaims, Essociate notes that paragraph states legal conclusions to which no response is necessary.

15.   Essociate DENIES that MaxBounty is entitled to any of the relief requested in its Counterclaims.

16.   Essociate incorporates by reference Paragraphs 1-15 of this Answer as if set forth in full herein.

17.   Essociate ADMITS the allegations in Paragraph 17 of MaxBounty's Counterclaims.

18.   Essociate ADMITS the allegations in Paragraph 18 of MaxBounty's Counterclaims.

19.   Essociate ADMITS Michael Landau was deposed on January 6, 2010. Essociate DENIES all remaining allegations in Paragraph 19 of MaxBounty's Counterclaims.

20.   In response to the allegations in Paragraph 20 of MaxBounty's Counterclaims, Essociate notes that paragraph states legal conclusions to which no response is necessary.

21.   In response to the allegations in Paragraph 21 of MaxBounty's Counterclaims, Essociate notes that paragraph states legal conclusions to which no response is necessary.

22.   Essociate DENIES all allegations in Paragraph 22 of MaxBounty's Counterclaims.

23.   Essociate DENIES all allegations in Paragraph 23 of MaxBounty's Counterclaims.

24.   In response to the allegations in Paragraph 24 of MaxBounty's Counterclaims, Essociate notes that paragraph states legal conclusions to which no response is necessary.

**ANSWER TO MAXBOUNTY'S COUNTERCLAIMS**

25.   Essociate DENIES that MaxBounty is entitled to any of the relief requested in its Counterclaims.

26.   Essociate incorporates by reference Paragraphs 1-25 of this Answer as if set forth in full herein.

27.   Essociate ADMITS a "Petition to Make Special" was filed on or about October 16, 2001 for the application that resulted in the '660 Patent.  In response to the remaining allegations in Paragraph 27 of MaxBounty's Counterclaims, Essociate notes that paragraph states legal conclusions to which no response is necessary.

28.   Essociate DENIES that Essociate or either of the inventors on the '660 Patent "failed to disclose material prior art."  In response to the remaining allegations in Paragraph 28 of MaxBounty's Counterclaims, Essociate notes that paragraph states legal conclusions to which no response is necessary.

29.   In response to the allegations in Paragraph 29 of MaxBounty's Counterclaims, Essociate notes that paragraph states legal conclusions to which no response is necessary.

30.   Essociate DENIES all allegations in Paragraph 30 of MaxBounty's Counterclaims.

31.   Essociate DENIES all allegations in Paragraph 31 of MaxBounty's Counterclaims.

32.   In response to the allegations in Paragraph 32 of MaxBounty's Counterclaims, Essociate notes that paragraph states legal conclusions to which no response is necessary.

33.   Essociate DENIES that MaxBounty is entitled to any of the relief requested in its Counterclaims.

34.   Essociate DENIES any allegations not specifically admitted herein.

## II.    AFFIRMATIVE DEFENSES

1.      MaxBounty's Counterclaims, and each of them, fail to state a claim upon which relief may be granted.

2.      MaxBounty's unclean hands bar it from obtaining any of its requested relief.

3.      MaxBounty waived its claims.

4.      MaxBounty's Counterclaims are barred by the doctrine of laches.

5.      MaxBounty's Counterclaims are barred by the doctrine of estoppel.

6.      Essociate reserves the right to add more defenses pending discovery.

## III.    RELIEF REQUESTED

Essociate respectfully requests this Court dismiss MaxBounty's Counterclaims and deny MaxBounty's requested relief.

Dated this 28th day of December, 2010.

Respectfully Submitted,

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

By: _____
Derek Linke (*pro hac vice*)
linke@newmanlaw.com
Derek A. Newman, State Bar No. 190467
derek@newmanlaw.com
John Du Wors, State Bar No. 233913
duwors@newmanlaw.com

Attorneys for Plaintiff
ESSOCIATE, INC.

5
**ANSWER TO MAXBOUNTY'S COUNTERCLAIMS**