Derek A. Newman, State Bar No. 190467
derek@newmanlaw.com
John Du Wors, State Bar No. 233913
duwors@newmanlaw.com
Derek Linke (*pro hac vice*)
linke@newmanlaw.com
NEWMAN DU WORS LLP
1201 Third Avenue, Suite 1600
Telephone:   (206) 274-2800
Facsimile:   (206) 274-2801

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| ESSOCIATE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>W4 MEDIA LLC, a Delaware limited liability company; and MAXBOUNTY INC., a foreign corporation;<br><br>Defendants. | Case No. CV10-5376 JVS (MLGx)<br><br>**[PROPOSED] PROTECTIVE ORDER**<br><br>The Honorable James V. Selna<br>Santa Ana Courthouse |

This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the Court finds that:

1. Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses may be disclosed or produced during the course of discovery in this litigation by the parties to the litigation or third parties;

2. The parties to this litigation and third parties producing information may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3. Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

4. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1. "Confidential Information" means any type of information which is designated as confidential by the producing party, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise, which contains confidential information of a competitively sensitive, proprietary, financial, or trade secret nature, or which violates the privacy interests of a party's employees.

Confidential Information shall be confidential as of the date the other party should know such information is so designated.

2. Only "Qualified Persons" are authorized to view Confidential Information in this case. Qualified Persons are defined as:

(a) Attorneys of record in this litigation and secretaries, paralegals, law clerks and support staff employees to whom it is necessary that the information be disclosed for purposes of this litigation;

(b) Outside experts or outside consultants retained in this action by a receiving party, provided that: (1) such consultants or experts are not presently employed by a party hereto; (2) before access is given, the expert or consultant has completed the Undertaking attached as Exhibit A hereto and the same is served upon the parties more than ten (10) business days before access to the Confidential Information is to be given to that expert or consultant; (3) before access is given, the party who has retained the expert shall provide to all other parties a copy of the expert's resume or CV and a list of previous engagements as a consulting expert (to the extent the expert is able to); and (4) the parties have ten (10) business days after receipt of the expert's resume and/or CV and Undertaking to object to and notify the disclosing party in writing that they object to disclosure of Confidential Information to the expert or consultant so identified. The parties agree to promptly confer and use good faith to resolve any such dispute. If the parties cannot resolve the dispute, the party seeking to prevent disclosure of the Confidential Information may apply for relief from the Court pursuant to the Local Rules concerning discovery disputes and bears the burden of proving why such disclosure should not occur. If a motion is so filed with the Court within seven (7) business days after receipt of the Undertaking, no

disclosure shall be made to the expert or consultant unless and until the Court so orders.

(c) Up to four (4) officers, directors, or employees of a party who either have responsibility for making decisions dealing directly with the litigation of this action or who are assisting outside counsel in preparation for proceedings in this action, *except* that the above-identified employees shall not receive access to or disclosure of Confidential Information of another Defendant, absent the written consent of the producing party (for purposes of this provision, "Defendant" refers to a party sued by plaintiff herein, and not a counterclaim defendant).

(d) Translators, stenographic, videographic, and clerical employees associated with the individuals enumerated in 2(a)-(c) above, but only as part of a disclosure to said individuals in accordance with this stipulation and Order;

(e) Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained to assist outside counsel with preparation of presentation at trial or other court proceedings in this action;

(f) Officers of the Court and supporting personnel or officers of any appellate court to which an appeal may be taken or in which review is sought, including necessary stenographic and clerical personnel (e.g., court reporters).; and

(g) Any other person who is designated as a Qualified Person by Order of this Court, after notice to all parties, or who, by written agreement of the parties, is designated as a Qualified Person. Any person designated under this subparagraph must complete and sign a Undertaking in the form

1  of Exhibit A, attached hereto. A copy of that Agreement must be given to
2  the other party before access is allowed to the Confidential Information.
3      (h)    The author of the document, the original source of the
4  information, or recipient(s) expressly named by the author or original source
5  in (1) the document or (2) a contemporaneously accompanying document
6  (e.g., a cover letter), including but not limited to, the Producing Party's
7  present and former employees.
8      (i)    Any person with previous access to the designated material.
9  3.    Documents and things produced which contain "Confidential
10 Information" shall be designated as such by marking the document or thing at or
11 before the time of production substantially as follows:

"CONFIDENTIAL"

or

"CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER"

16 In lieu of marking the original of documents, the party may mark the copies that
17 are produced or exchanged, before or after an inspection of the originals by the
18 other party. Marking material as described in this paragraph 3 shall constitute
19 certification by the producing party that such designation complies with the
20 standard set forth in paragraph 1.
21 4.    Any information designated as Confidential Information shall not be
22 (1) shown, disseminated, copied or in any way made available, directly or
23 indirectly or through paraphrasing, by the party receiving it to any persons or
24 entities other than Qualified Persons, or (2) used by the other party or any
25 receiving party for any other purpose other than in connection with this litigation.
26 5.    The use of information which has been designated as "Confidential
27 Information" pursuant to the terms of this Protective Order may be further

restricted by the additional designation of such information as "For Attorneys' Eyes Only" only if it (1) contains confidential information of a competitively sensitive, proprietary, financial, or trade secret nature, or violates the privacy interests of employees and (2) that disclosure of such information to opposing parties is likely to cause serious detriment to the designating party. In the event that information designated as "Confidential Information" is later desired by a party to come within the "Attorneys' Eyes Only" category, such information and/or documents can be added to such category if mutually agreed to by the parties or upon Order of this Court upon appropriate motion. The only persons who shall have access to Confidential Information designated for "Attorneys' Eyes Only" shall be the

 (a) Attorneys of record in this litigation and secretaries, paralegals, law clerks and support staff employees to whom it is necessary that the information be disclosed for purposes of this litigation;.

 (b) Employees of the producing party during their depositions or trial

 (c) Outside experts or outside consultants retained in this action by a receiving party, provided that: (1) such consultants or experts are not presently employed by a party hereto; (2) before access is given, the expert or consultant has completed the Undertaking attached as Exhibit A hereto and the same is served upon the parties more than ten (10) business days before access to the Confidential Information is to be given to that expert or consultant; (3) before access is given, the party who has retained the expert shall provide to all other parties a copy of the expert's resume or CV and a list of previous engagements as a consulting expert (to the extent the expert is able to); and (4) the parties have ten (10) business days after receipt of the expert's resume and/or CV and Undertaking to object to and notify the

disclosing party in writing that they object to disclosure of Confidential Information to the expert or consultant so identified. The parties agree to promptly confer and use good faith to resolve any such dispute. If the parties cannot resolve the dispute, the party seeking to prevent disclosure of the Confidential Information may apply for relief from the Court pursuant to the Local Rules concerning discovery disputes and bears the burden of proving why such disclosure should not occur. If a motion is so filed with the Court within seven (7) business days after receipt of the Undertaking, no disclosure shall be made to the expert or consultant unless and until the Court so orders.

(d) The author of the document, the original source of the information, or recipient(s) expressly named by the author or original source in (1) the document or (2) a contemporaneously accompanying document (e.g., a cover letter), including, but not limited to, the producing party's present and former employees.

(e) Officers of the Court and supporting personnel or officers of any appellate court to which any appeal may be taken or in which review is sought, including necessary stenographic and clerical personnel (e.g., court reporters).

(f) Any person with previous access to the designated material.

6. Such designation shall be made by marking the document at or before the time of production substantially as follows:

"CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY"

or

"CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER"

6
[PROPOSED] PROTECTIVE ORDER

In lieu of marking the original of documents, the party may mark the copies that are produced or exchanged, before or after an inspection of the originals by the other party. Marking material as described in this paragraph 6 shall constitute certification by the producing party that such designation complies with the standard set forth herein.

7. Information designated "Confidential Information" or for "Attorneys' Eyes Only" shall be collectively referred to herein as "Protected Information."

8. Depositions

   (a) If Protected Information is marked as a deposition exhibit, such exhibit shall retain its designated status and, if filed, shall be filed under seal as provided herein.

   (b) During any deposition, counsel for the producing party may request, including by making an appropriate statement on the record at the time of the taking of the deposition testimony, that any portions of the deposition or deposition exhibits also be treated as Protected Information.

   (e) If, through inadvertence, a producing party provides any confidential material in discovery without designating such material as Protected Information, the producing party may subsequently inform the receiving party of the confidential nature of the disclosed confidential material, and the Receiving Party shall treat the disclosed confidential material as Protected Information upon receipt of written notification from the Producing Party, unless that material has already become the subject of an unsealed court filing, in which case the producing party bears all responsibility for moving to seal. Disclosure of such confidential material to persons not authorized to receive that material prior to receipt of the confidentiality designation shall not be deemed a violation of this Order. However, in the event the material has been distributed in a manner

inconsistent with the categorical designation, the receiving party will advise the person to whom disclosure was made that the material is confidential and should be treated as provided in this Order.

(f) Notwithstanding any other provision of this Protective Order, a party may, in a deposition, show a witness any Protected Information that the witness is reasonably believed to have previously authored, received or seen. Notwithstanding any other provision in this Protective Order, a party may, in a deposition, show any director, officer, employee, consultant or agent of the other party any document or thing produced by that other party that (i) has been designated as Protected Information.

9. Use of Protected Information at trial shall be governed by further agreement of the parties prior to trial or further Order of this Court.

10. Nothing shall prevent disclosure beyond the terms of this Order if the party designating Protected Information consents, in writing, to such disclosure or withdraws the confidentiality designation, or if the Court, after notice to all parties, orders such disclosure.

11. A party shall not be obligated to challenge the propriety of a Protected Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge to such a designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Protected Information, that party may notify the party asserting confidentiality in writing as to specific objections, along with the bases (both factual and legal) for the objection. The parties shall then confer in a good faith effort to resolve any differences and shall, if necessary, agree to the implementation of procedures to orderly advance and promote discovery while maintaining each parties' proprietary interest. If the dispute cannot be resolved, or if an emergency develops, the objecting party may seek appropriate relief from this

Court, and the party asserting confidentiality shall have the burden of proving the same.

12. All discovery and other material filed with the Court including, *inter alia*, transcripts of depositions, exhibits, briefs and memoranda, which comprise or contain Protected Information shall be filed under seal in accordance with the local rules and governing procedures of the Central District of California.

13. The Clerk of this Court is directed to maintain under seal all documents, things, transcripts of deposition testimony, or other materials filed in this litigation which have been designated, in whole or in part, as Protected Information by a party to this action.

14. Within sixty (60) days after the conclusion of this litigation (including all appeals), originals or reproductions of any documents or things produced by a party containing Protected Information shall, at the receiving party's option, be returned to the producing party or destroyed. Principal counsel may retain one archival copy of pleadings, correspondence, work product, discovery responses, expert reports and Court exhibits containing Protected Information provided, however that any Protected Information contained in such documents retained by Principal counsel shall remain subject to the protections of this Order. This paragraph does not require the return or destruction of any materials that include or reflect the receiving party's counsel's work product. The designation of any material in accordance with this Order as constituting or containing Protected Information is intended solely to facilitate the preparation and trial of this action, and treatment of such material by counsel of record for named parties in conformity with such designation will not be construed in any way as an admission or agreement by any receiving party that the designated material constitutes or contains any confidential or proprietary information.

15. This Order shall be without prejudice to the right of any person to object to the production of any discovery material on the basis that such material is protected as a privileged communication or work product.

16. This Order shall be without prejudice to the right of any person to apply to the Court for such further protective orders as justice may require.

17. A non-party producing information pursuant to a subpoena or a Court order in this case may designate such material or information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," in the same manner and shall receive the same level of protection under this Order as any Party to this lawsuit.

18. Nothing in this Order shall bar or otherwise restrict any counsel for a party from rendering advice to his client with respect to this litigation and, in the course thereof, relying upon his or her examination of materials designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY," provided that no disclosure of the substance of any such material shall be made except as (i) permitted herein or (ii) if such statement is a general conclusory statement indicating the nature and strength of the proofs the other party (or any third party) has offered.

19. This Protective Order does not prohibit the use or disclosure of confidential material lawfully obtained from an independent source even if such material is designated as Protected Information. Where such information is lawfully obtained from another source, the specific materials provided by the producing party shall be maintained as confidential. The restrictions on use and disclosure set forth in this Order shall not apply to information that, prior to being obtained by the receiving party pursuant to this Order, either is lawfully in the possession or knowledge of the receiving party or is demonstrably public knowledge. The restrictions, uses, and disclosures set forth in this Order shall

1  further not apply to information that, after being obtained by the receiving party
2  pursuant to this Order, becomes demonstrably public knowledge other than by act
3  or omission by the receiving party.

4  20.  The party or parties receiving Protected Information shall not under
5  any circumstances sell, offer for sale, advertise, or publicize such Protected
6  Information.

7  21.  After termination of this litigation, the provisions of this Order shall
8  continue to be binding, except (a) with respect to those documents and information
9  that become a matter of public record and (b) that a party may seek the written
10 permission of the producing party or further order of the Court with respect to the
11 dissolution or modification of this Protective Order. This Court retains and shall
12 have continuing jurisdiction over the parties and recipients of the Protected
13 Information for enforcement of the provisions of this Order following termination
14 of this litigation.

15 22.  In the event that any party or any other individual described herein is
16 served with a subpoena or other judicial process demanding the production or
17 disclosure of any Protected Information, such party or individual shall provide a
18 copy of the subpoena or court order to counsel for the producing party before
19 providing Protected Information in response to that subpoena or court order. The
20 producing party may object, at its own expense, to the disclosure of such
21 information.

22 23.  This Order shall be binding upon the parties and their attorneys,
23 successors, executors, personal representatives, administrators, heirs, legal
24 representatives, assigns, subsidiaries, divisions, employees, agents, independent
25 contractors, or other persons or organizations over which they have control.

26 24.  This Protective Order shall not be deemed a waiver of: a) any party's
27 right to object to any discovery request on any ground; b) any party's right to seek

an order compelling discovery with respect to any discovery request; c) any party's right in any proceeding in this lawsuit to object to the admission of any evidence on any ground; or d) any party's right to use its own documents and its own Confidential Information in its sole and complete discretion.

25. This Order has been entered to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any material as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

26. This Order shall remain in full force and effect throughout this action and after its conclusion and until modified, superseded or terminated by Order of the Court or by agreement of the parties.

**SO ORDERED.**

Dated: March 28, 2011_____   By: _____
MARC L. GOLDMAN
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| ESSOCIATE, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>W4 MEDIA LLC, a Delaware limited liability company; and MAXBOUNTY INC., a foreign corporation;<br><br>　　　　Defendants. | Case No. CV10-5376 JVS (MLGx)<br><br>**UNDERTAKING**<br><br>The Honorable James V. Selna<br>Santa Ana Courthouse |

　　I, _____, declare that:

　　1.　　My address is _____.

　　2.　　My present employer is _____, and the address of my present employer is _____.

　　3.　　My present occupation or job description is _____.

　　4.　　In addition to my other job functions, I am working as a consultant to _____.

　　5.　　My relationship to plaintiff/defendant is _____.

　　6.　　I have received a copy of the Protective Order in this action.

1    7.   I have carefully read and understand the provisions of the Protective
2  Order and agree to be bound by it.
3    8.   I will return all confidential documents and things which come into
4  my possession or which I have prepared to counsel for the party by whom I am
5  retained. I agree to be bound by the terms of the Order and hereby subject myself
6  to the jurisdiction of the Court for all purposes related to the Order.
7    9.   I declare, under penalty of perjury, that the foregoing is true and
8  correct.

10  Executed on: _____       _____
11                                              (signature)